## Approval of Water Testing Laboratories

JOSEPH L. COHEN, Deputy Attorney Attorney General, and THOMAS D. McBRIDE, Attorney General, Aug. 1, 1958.—You request our opinion as to whether, under existing legislation, the Department of Health has the power to examine and approve laboratories which analyze samples of water in connection with the Health Department's program of public water supply supervision.

We understand that your department issues permits to water works which supply water to the public and that each permit contains a stipulation requiring the permittee to submit at stated intervals the results of bacteriological analyses of samples of water

served to the public. You inform this department that the competency of a number of the laboratories involved in making the aforsaid analyses has been questioned. We assume from the fact that you have not supplied us with additional information relative to the scope of the activities of the laboratories in question that they do not fall within the purview of The Analytical-Biochemical-Biological Laboratory Act of September 26, 1951, P. L. 1539, 35 PS (Pocket Part) §§2151-2165.*

Paragraph (b) of section 2109 of The Administrative Code of April 9, 1929, P. L. 177, sec. 2109, 71 PS §539, vests the Department of Health with the power to issue permits to water works and to stipulate therein the conditions under which water may be supplied to the public. The stipulation in such permits that the permittee be required at stated intervals to submit the results of bacteriological analyses of water samples is a reasonable regulation in the interest of public health.

Since the purpose of this stipulation in the permits is to apprise the Department of Health of the degree of purity of water being supplied to the public, it necessarily follows that the Department of Health has an interest in the accuracy of the analyses of water submitted to it. Where the Department of Health has good reason to believe that the procedures followed by a given laboratory are not conducive to the accurate

---

* Section 2 of the act defines an "Analytical-Biochemical-Biological Laboratory" as "any place, establishment or institution organized and operated primarily for the performance of all or any bacteriological, biochemical, microscopical, serological, or parasitological tests by the practical application of one or more of the fundamental sciences to material originating from the human body, by the use of specialized apparatus, equipment and methods, for the purpose of obtaining scientific data which may be used as an aid to ascertain the state of health."

analyses of water samples, the department may refuse to accept the results of analyses of water samples submitted by such laboratory.

The Department of Health may exercise those powers clearly given it or necessarily implied in the grant of power. See Green v. Milk Control Commission, 340 Pa. 1 (1940) ; Swarthmore Borough v. Public Service Commission, 277 Pa. 472 (1923) ; Nevins, Inc., v. State Board of Pharmacy, 51 Dauph. 264 (1941) ; Fire Association of Philadelphia v. Insurance Commissioner, 49 Dauph. 386 (1940).

Thus, your department may set up reasonable standards relating to the procedures which such laboratories must follow in order to obtain accurate results of their analyses. After the formulation of these standards, your department may request laboratories to be examined periodically by your employes to the end that these standards of accuracy be maintained. Should any laboratory refuse either to accept the standards promulgated by your department or to permit your employes to examine the laboratories, your department is under no compulsion to accept the results of analyses of water samples submitted by such laboratories. Neither is any laboratory under any compulsion to accept the standards of your department or to have the employes of your department examine it. Furthermore, your department is not authorized to compel the submission of water samples by a water works to any particular laboratory.

In instituting the program which your department is contemplating, it would be advisable if, in the permits issued to water works, the stipulation with respect to the submission of the results of the analyses of samples states that such results will be considered in compliance with the provisions of the permit only if such results are submitted by laboratories approved by

the department in accordance with its rules and regulations.

We are, therefore, of the opinion and you are accordingly advised that your department may set up a program for the approval of laboratories which submit results of bacteriological analyses of water to your department. Such program must be based upon reasonable standards related to the method of obtaining accurate results from the bacteriological analyses of water. Further, you are advised that your department may request that its employes be allowed to examine periodically the laboratories which analyze water samples. Although your department may exert no compulsion upon any laboratory who refuses either to accept the standards promulgated by your department or to submit to periodic examinations, your department may refuse to accept the results of bacteriological analyses of water samples made by those laboratories who refuse to comply with your regulations.